UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

STEELCASE INC.,

        Plaintiff,

v.                                              Case No._____

KP SELECT, LLC,                                 Hon._____

**JURY TRIAL DEMANDED**

        Defendant.

---

### COMPLAINT AND JURY DEMAND

Plaintiff, Steelcase Inc. ("Steelcase") by its attorneys, Honigman LLP, states for its Complaint against Defendant KP Select, LLC ("KP Select"), as follows:

### NATURE OF THE ACTION

1. Steelcase brings this action against KP Select to recoup $3,140,010 in overpaid administrative fees that Steelcase made in connection with the supply of furniture goods and related services to entities within the integrated health care delivery organization doing business as Kaiser Permanente® ("KP Select Customers") for whom KP Select acts as purchasing agent. Despite lacking any legal justification for receiving that sum under the parties' relevant agreements, KP Select refuses to refund Steelcase the $3,140,010 in overpayments, forcing Steelcase to bring this action for breach of contract, breach of the implied covenant of good faith and fair dealing, or, in the alternative, a claim for account stated.

60256639.1

## THE PARTIES, JURISDICTION, AND VENUE

2. Steelcase is a Michigan corporation with its principal place of business at 901 44th St., S.E., Grand Rapids, Michigan. Steelcase is one of the world's leading manufacturers of office environments, including, for example, office furniture.

3. KP Select is a Delaware limited liability company with its principal place of business located in Irving, Texas.

4. KP Select is a "group purchasing organization" (as defined in 42 C.F.R. § 1001.952(j)) ("GPO") and is authorized as the contracting agent on behalf of and solely for the benefit of KP Select Customers.

5. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of Michigan and a citizen of another state.

6. KP Select and KP Select Customers conduct business in Michigan and in Kent County, including by contracting with Steelcase for the purchasing of Steelcase goods and related services. This dispute arises out of that business.

7. This Court has personal jurisdiction over KP Select because this action arises out of KP Select and KP Select Customers' transaction of business within the State of Michigan under Mich. Comp. L. § 600.715.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to Steelcase's claims occurred in this judicial district and division.

## FACTUAL BACKGROUND

A. The Agreements and the Administrative Fee

9. This dispute stems from two related GPO agreements entered into by Steelcase with each of KP Select and Vizient Supply, LLC for purposes of supplying furniture goods and related services to KP Select Customers.

10. KP Select is a wholly owned subsidiary of MedAssets Performance Management Solutions, Inc., which effectively merged with and became a wholly owned subsidiary of parent company Vizient, Inc., in February 2016. Vizient Supply, LLC is also a wholly owned subsidiary of parent company Vizient, Inc. (for simplicity, these parties will be referred to together as "Vizient"). Vizient and KP Select are related parties.

11. Steelcase and KP Select had entered into an Agreement for Furniture Products and Services effective January 1, 2015. That was later renewed and replaced by a "Master Services Agreement for Furniture Products and Services" ("MSA") with an effective date of January 1, 2018. A true and correct copy of the MSA is attached to this Complaint as **Exhibit A** (Agreement only—no attachments)

12. KP Select Customers purchased furniture products from Steelcase over several years pursuant to the terms of the MSA.

13. Steelcase separately entered into a Capital Equipment Supplier Agreement ("CESA") with Vizient effective May 1, 2019. A true and correct copy of the CESA is attached to this Complaint as **Exhibit B** (Agreement only—no attachments). Vizient is also a GPO under 42 C.F.R. § 1001.952(j) and is authorized as the contracting agent on behalf of its member organizations. KP Select is itself a member of the Vizient GPO solely for the benefit of KP Select Customers. This means KP Select Customers may elect to purchase Steelcase furniture goods and related services under either the MSA or the CESA.

14. To maintain its status as a GPO under § 1001.952(j), an entity (KP Select and Vizient) "must have a written agreement with each individual or entity," providing that (i) "participating vendors from which the . . . entity will purchase goods or services will pay a fee to the GPO of 3 percent or less of the purchase price of the goods or services provided by that vendor" or (ii) that "[i]n the event the fee paid to the GPO is not fixed at 3 percent or less of the purchase price of the goods or services, the agreement specifies the amount (or if not known, the maximum amount) the GPO will be paid by each vendor . . . ."

15. Under MSA section 3.1, Steelcase was obligated to offer to sell the Products or Services[1] to any KP Select Customer electing to purchase products or services under the MSA.

16. Section 4.1 of the MSA required that Steelcase "pay KP Select a fee equal to 3% of the Total Sales for all Products that KP Select Customers purchased from Steelcase under this Agreement during the prior calendar month (the "Administrative Fee")."

17. Section 4.1 further specified that Steelcase "must only pay an Administrative Fee on a KP Select Customer's purchases of Products pursuant to the terms and conditions of [the MSA] **and any related agreement**." (emphasis added)

18. In addition to the MSA, and as noted above, Steelcase and Vizient maintained the CESA for the benefit of KP Select Customers, among others. As also noted above, Vizient and KP Select are related parties.

19. Steelcase proceeded to supply KP Select Customers with furniture products pursuant to the MSA and CESA throughout the relevant periods covered by this action.

20. In connection with its obligations under Section 4.1 of the MSA, Steelcase properly remitted the 3% Administrative Fee payments under the MSA to KP Select.

---

[1] Capitalized terms not otherwise defined have the meanings set forth in the MSA.

21. Steelcase, pursuant to Section 9 of the CESA, similarly remitted a 3% Administrative Fee directly to Vizient in connection with those same purchases.

22. Steelcase employees mistakenly believed Steelcase was required to pay the 3% Administrative Fee to both KP Select and Vizient for sales of furniture to KP Select Customers. This mistaken belief was verbally reinforced at times by KP Select's representatives.

23. Upon receiving these mistaken, duplicate payments from Steelcase, Vizient customarily passed them along to its subsidiary KP Select.

24. KP Select's receipt of the additional 3% Administrative Fees were without legal justification under the MSA or CESA.

**B. Discovery of the Overpayment of the Administrative Fees**

25. In or around April 2023, Steelcase sales leaders began having conversations with the account leaders from KP Select and Vizient about what appeared to be discrepancies in the sales reporting data, as annual purchase volumes attributed to KP Select Customers were showing to be twice the amount of Steelcase's actual product sales. The parties agreed to assign the matter to the Vizient audit team, as this was a big concern.

26. Despite its repeated requests for follow up, Steelcase received no meaningful answer or information from Vizient and KP Select until November 29, 2023, at which time they revealed their audit findings that confirmed Steelcase's double reporting and double payment of Administrative Fees under the MSA and CESA. Oscar Pacheco (Vizient lead for the KP Select account) noted that KP Select can only collect a total of 3% Administrative Fee either through the direct fee paid to KP Select by Steelcase under the MSA or the share back that KP Select receives through Vizient under the CESA, but not on both contracts.

27. KP Select offered to reimburse Steelcase the amount of the overpaid Administrative Fees, but only for their chosen two-year audit period. Steelcase insisted that the

parties complete a full audit and accounting for all relevant periods.  In the months following, Steelcase and Vizient (for and on behalf of KP Select) conducted an audit of Steelcase's remittance of Administrative Fees.

28. In the interim, on March 1, 2024, Vizient's Service Line Director for the Kaiser-Permanente Account, Sarah Matter, emailed Steelcase's Manager of Pricing & Contracts, Megan Maguire, to "clarify the reporting and payment of Administrative Fees under [the MSA and CESA]."

29. In that email, Matter directed Steelcase to "refrain from reporting purchases and submitting Administrative Fee payments under both Agreements for the same purchases of Products," and that Steelcase's Administrative Fees should be paid and reported only under the MSA with KP Select.

30. Through the joint audit process, Steelcase and Vizient ultimately determined that Steelcase overpaid Administrative Fees to KP Select by the total adjusted amount of $3,140,010. Adjustments were made for Steelcase reported sales that were not reconcilable with purchase invoices provided by KP Select.  Adjustments were also made for certain identified sales volume that was not reported or paid on by Steelcase.  Together, these adjustments resulted in a confirmed amount of $3,140,010 agreed to by the parties as the amount owed to Steelcase.

31. Despite its acknowledgment of Steelcase's overpayments totaling $3,410,010—a sum to which KP Select has no legal justification for receiving—KP Select has refused to return the overpaid funds to Steelcase.

## COUNT I.
## BREACH OF CONTRACT

32. Steelcase incorporates each of the foregoing paragraphs as if fully restated herein.

33. The MSA constitutes a valid and binding contract between Steelcase and KP Select.

34. Steelcase fully performed its obligations under the MSA.

35. Under the terms of the MSA, Steelcase was to pay an Administrative Fee at the rate of 3% of the "Total Sales for all Products that Customers purchased" under the MSA.

36. KP Select materially breached the MSA by accepting Administrative Fees of more than the 3% rate set forth in the MSA and refusing to refund payments beyond that amount.

37. KP Select is not legally entitled to retain the $3,140,010 in overpaid Administrative Fees under the MSA.

38. As a direct and proximate cause of KP Select's material breaches of the MSA, Steelcase has sustained damages in an amount to be determined at trial.

## COUNT II.
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

39. Steelcase incorporates each of the foregoing paragraphs as if fully restated herein.

40. As a contract governed by Delaware law, the MSA contains an implied covenant of good faith and fair dealing.

41. KP Select has acted in bad faith with the intent to deprive Steelcase of the benefit of its bargain by refusing to refund Administrative Fees mistakenly paid to it from Steelcase and to which KP Select is not legally entitled under the MSA.

42. KP Select's breach of the implied covenant of good faith and fair dealing proximately caused Steelcase to incur significant and ascertainable losses and damages totaling at least $3,140,010.

## COUNT III.
## ACCOUNT STATED

-8-

43. KP Select owes Steelcase the specific sum of $3,140,010 in overpaid Administrative Fees.

44. Steelcase has provided Vizient and KP Select documentation showing the amount due and owing to Steelcase.

45. Vizient and KP Select admitted that KP Select received the specified sum of $3,140,010 in overpaid Administrative Fees.

46. Despite this admission and Steelcase's demand for repayment, KP Select has refused to pay Steelcase the specified sum of $3,140,010.

## PRAYER FOR RELIEF

**WHEREFORE**, Steelcase Inc., respectfully requests that this Court:

- A. Enter a judgment in favor of Steelcase and against KP Select on Count I for breach of contract and/or Count II for breach of the implied covenant of good faith and fair dealing in the amount of $3,140,010;

- B. In the alternative to the relief requested for Counts I and II, enter a judgment in favor of Steelcase and against KP Select on Count III for an account stated.

- C. Award Steelcase its attorney fees and costs; and

- D. Grant all other relief as the Court deems just and equitable.

                          Respectfully submitted,

Dated: April 23, 2025              HONIGMAN LLP

                        By:   /s/ Mark S. Pendery
                                Mark S. Pendery (P57683)
                                Rian C. Dawson (P81187)
                                Vincent Gianino (P85565)
                                200 Ottawa Avenue NW
                                Suite 700
                                Grand Rapids, MI 49503
                                (616) 649-1910

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Steelcase Inc., respectfully requests a trial by jury.

Respectfully submitted,

Dated:  April 23, 2025　　　　　　　　HONIGMAN LLP

By:　/s/ Mark S. Pendery
　　　Mark S. Pendery (P57683)
　　　Rian C. Dawson (P81187)
　　　Vincent Gianino (P85565)
　　　200 Ottawa Avenue NW
　　　Suite 700
　　　Grand Rapids, MI 49503
　　　(616) 649-1910

60256639.1